IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10cr66-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RAYMOND DANGELO ALLEN. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Severance. [Doc. 142].

I. **PROCEDURAL BACKGROUND**

On October 5, 2010, the Defendant and ten other co-defendants were charged in a bill of indictment with conspiring with each other and with Willie Jermille Chappell, Chrisshawn DeLee Folston, Markeenus Cleavon Wilkerson, Joshua Aurrick Toms, Kingsley Eke Agbaeze, and others to possess with intent to distribute at least fifty grams of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 1].

The Defendant now moves for severance from his co-defendants on the grounds that he is misjoined with them pursuant to Rule 8(b) of the

Federal Rules of Criminal Procedure. Alternatively, he argues that even if joinder is proper, he is prejudicially joined with them, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure. [Doc. 142]. The Government opposes the Defendant's motion. [Doc. 146].

II. **ANALYSIS**

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." In the present case, the Defendant contends that joinder is improper because the Government can link him to only one other individual named in the indictment. As the Fourth Circuit has held, however, when charges stem from a series of acts, a defendant may be joined with others even if the defendant did not participate in every act in the series. United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978). Thus, the fact that the Defendant may be tied to only one other co-conspirator does not render improper his joinder with the other members of the conspiracy.

Rule 14(a) of the Federal Rules of Criminal Procedure provides for the severance of defendants' trials where joinder would cause prejudice. It

is well-established, however, that, "[b]arring special circumstances, individuals indicted together should be tried together. United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). This is especially true in conspiracy cases. See United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007). Thus, a defendant has the burden of showing a serious risk that a joint trial would compromise a specific trial right, or that a jury would be prevented from making a reliable judgment about guilt or innocence. Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); Harris, 498 F.3d at 291. The risk of prejudice can be alleviated with a proper instruction that the jury must consider each charge separately. See United States v. Cardwell, 433 F.3d 378, 388 (4th Cir. 2005); Harris, 498 F.3d at 291-92.

The Defendant has failed to carry his burden of showing specific and compelling prejudice that would result from a joint trial with his co-defendants. The Defendant has not identified any particular trial right that would be compromised. Furthermore, the Court has no reason to believe that a properly instructed jury would not be able to segregate the proof against each charged defendant. For these reasons, the Court concludes that the Defendant's joinder with his co-defendants will not cause him prejudice.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion for Severance [Doc. 142] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 14, 2011

Martin Reidinger
United States District Judge