# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:10cr66-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RAYMOND DANGELO ALLEN. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss for Lack of Speedy Trial [Doc. 166].

## I. PROCEDURAL BACKGROUND

On October 5, 2010, the Defendant Raymond Dangelo Allen ("Defendant") was charged in a Bill of Indictment along with ten (10) other co-defendants[1] with conspiracy to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code §§ 841(a)(1) and 846. [Doc. 1].

---

[1] The ten co-defendants are Reggie Lamont Battle ("Battle"), Shawn Terrill Boyce ("Boyce"), Mario Lamond Carson ("Carson"), Jonathan Keith Daniels ("Daniels"), Derrick Edward Forney ("Forney"), Brandon Dion Ledbetter ("Ledbetter"), Carlos Keno Twitty ("Twitty"), Brandon Michael Walker ("Walker"), Nicholas Raymond Wilkerson ("Wilkerson") and N'Namdi Eva Young ("Young").

The Defendant was the first to be arrested. He made his initial appearance on October 13, 2010. At that time, the Government moved to detain him pending trial. On October 15, 2010, the Court held a hearing on the Government's motion, detained the defendant pending trial, and conducted his arraignment. The Defendant entered a plea of not guilty and requested a jury trial. His case was placed on the November 1, 2010 calendar for trial. [Doc. 15]. On October 15, 2010, the Defendant moved to continue the trial. [Doc. 18]. The Court granted the Defendant's motion on October 19, 2010 and reset the case for the January 3, 2011 trial term. [Doc. 20].

On October 21, 2010, Boyce, Ledbetter, Forney, Twitty, Walker, Wilkerson, and Young made their initial appearances. Boyce, Forney, Twitty, Walker, Wilkerson, and Young were arraigned on October 26, 2010, and their cases were placed on the November 1, 2010 calendar for trial. [Docs. 37, 40, 44, 46, 48, 50]. Forney and Wilkerson each moved to continue the trial date. [Docs. 52, 55]. The Court granted these motions [Docs. 66, 68] and reset their cases for the January 3, 2011 trial term, thereby joining them for trial with the Defendant. On October 26, 2010, Boyce, Young and Twitty also moved to continue. [Docs. 62, 63, 64]. Later that same day, the Court, acting *sua sponte*, reset Boyce, Young,

Twitty and Walker for the January trial term, thereby rendering the pending motions moot and joining them for trial with the Defendant, Forney and Wilkerson. [Doc. 65]. Ledbetter was arraigned on October 28, 2010, and his case was placed on the January trial term as well. [Doc. 74].

Daniels and Carson were arrested in the interim. Daniels made his initial appearance on October 27, 2010, while Carson made his initial appearance on November 16, 2010. Both Defendants were placed on the January 3, 2011 calendar for trial along with their co-defendants. [Docs. 78, 99].

As the January trial date drew near, three of the Defendant's co-defendants (Twitty, Ledbetter, and Wilkerson) moved to continue the case from the January calendar. [See Docs. 109, 112, 119]. The Court granted the motions on December 14, 2010 and reset these defendants for trial during the February 28, 2011 trial term. [Doc. 121]. That same day, the Court, acting *sua sponte*, reset the Defendant, Boyce, Carson, Daniels, Forney, Walker and Young for the February trial term, thereby joining them for trial with Twitty, Ledbetter and Wilkerson. [Doc. 120].

Battle was the last of the indicted defendants to be arrested. He made his initial appearance on January 31, 2011, and was arraigned on February 2, 2011, at which time his case was set for trial during the

3

February trial term. Battle immediately moved to continue his case. [Doc. 139]. The Government filed its response, stating that it had no objection to the pending motion and requesting that if the Court granted the pending motion that it also continue the trial all of the other remaining defendants, including the Defendant. [Doc. 141].

On February 8, 2011, the Defendant filed a motion to sever his trial from the trial of his co-defendants. [Doc. 142]. On February 9, 2011, the Court granted Battle's motion to continue and reset his trial for May 9, 2011. [Doc. 145]. In that same order, the Court also continued the cases of the Defendant, Boyce, Carson, Daniels, Forney, Ledbetter, Twitty, Walker and Young, thereby joining them for trial with Battle. [Id.]. The Court denied the Defendant's motion to sever on February 14, 2011. [Doc. 151].

During the pendency of this action, a number of the Defendant's codefendants -- including Boyce, Forney, Ledbetter, Twitty, Walker, Wilkerson, and Young -- have pled guilty. The Defendant and co-defendants Battle, Carson, and Daniels remain on the May trial calendar.

The Defendant now argues that his right to a speedy trial pursuant to Title 18, United States Code, Section 3161 ("Speedy Trial Act"), has been violated. Specifically, the Defendant alleges that there are two hundred and

4

nine days between the date of his initial appearance in this case and the May 9, 2011 trial date, but that only forty-five days of that time is excludable under the Speedy Trial Act. Accordingly, the Defendant argues that he is entitled to a dismissal of the indictment for lack of a speedy trial. [Doc. 166]. The Government opposes the Defendant's motion. [Doc. 172].

II. ANALYSIS

The Speedy Trial Act generally requires that a criminal trial commence within seventy days of the filing of an information or indictment, or of the defendant's initial appearance, whichever is the later to occur. See 18 U.S.C. § 3161(c)(1). "The purpose of the Act is to protect the interests of both the defendant and the public . . . ." United States v. Kellam, 568 F.3d 125, 137 (4th Cir. 2009). Certain delays may be excluded from the seventy-day count, however, including those attributable to the filing and prompt resolution of pretrial motions, see 18 U.S.C. § 3161(h)(1)(D), and those resulting from a continuance, if the Court makes a finding that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court must set forth specific reasons, either orally or in writing, for such a finding. Id. "Of note,

5

when a prosecution involves multiple defendants, the 'time excludable for one defendant is excludable for all defendants.'" Kellam, 568 F.3d at 137 (quoting United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998)); 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

In the present case, the overall time period of the Defendant's prosecution runs from October 13, 2010, when he made his initial appearance, to May 9, 2011, the scheduled trial date. The period of October 13, 2010 to October 15, 2010 was a delay occasioned by the filing by the Government of a pre-trial motion for the detention of the Defendant. The Court held a hearing on the Government's motion on October 15, 2010 and detained the defendant pending trial, thereby resolving the Government's motion. Accordingly, the period of October 13, 2010 to October 15, 2010 is excluded from the computation of the time within which the Defendant's trial must commence. See 18 U.S.C. § 3161(h)(1)(D).

The period of October 15, 2010 to October 19, 2010 was a delay occasioned by a pretrial motion to continue filed by the Defendant. The Defendant filed his motion on October 15, 2010, and the Court granted his motion on October 19, 2010, thereby resolving the Defendant's motion. As

such, the period of October 15, 2010 to October 19, 2010 is excludable from the computation of the time within which the Defendant's trial must commence. See 18 U.S.C. § 3161(h)(1)(D).

The period of October 19, 2010 to January 3, 2011 was a delay occasioned by the granting of the defendant's motion to continue. In granting the continuance, the Court specifically found that the Defendant had not consented to the trial of his case commencing in less than thirty days from his first appearance with counsel, see 18 U.S.C. § 3161(c)(2), and that, without a continuance, Defendant's counsel would not have the reasonable time necessary for effective preparation, see 18 U.S.C. § 3161(h)(7)(B)(iv). For these reasons, the Court found that "the ends of justice served" by taking such action "outweigh the best interests of the public and the Defendant in a speedy trial." [Doc. 20 at 2]. The period of October 19, 2010 to January 3, 2011 is therefore excludable from the computation of the time within which the Defendant's trial must commence. See 18 U.S.C. § 3161(h)(7)(A).

The period of January 3, 2011 to February 28, 2011 was a delay occasioned by the granting of the Court's motion, *sua sponte*, to continue the Defendant's trial based on the continuance granted to his co-defendants. In granting the continuance, the Court specifically found that

7

the continuance of the Defendant's case was proper as he was joined for trial with other co-defendants and no motion for severance had been granted, see 18 U.S.C. § 3161(h)(6), and that a failure to continue the case would deny the Defendant's counsel the reasonable time necessary for effective preparation, see 18 U.S.C. § 3161(h)(7)(B)(iv). For these reasons, the Court found that "the ends of justice served" by taking such action "outweigh the best interests of the public and the Defendants in a speedy trial." [Doc. 120 at 2]. The period of January 3, 2011 to February 28, 2011 therefore is properly excluded from the computation of the time within which the Defendant's trial must commence. See 18 U.S.C. §§ 3161(h)(6) and (h)(7)(A).

The period of February 28, 2011 to May 9, 2011 was a delay caused by the granting of co-defendant Battle's motion to continue. Because the Defendant was joined for trial with Battle and no motion for severance had been granted, the Court ordered the continuance of the Defendant's case pursuant to 18 U.S.C. § 3161(h)(6). The Court further found that "the ends of justice served" by taking such action "outweigh[ed] the best interests of the public and the Defendants in a speedy trial." [Doc. 145 at 3 (citing 18 U.S.C. § 3161(h)(7)(A)]. The period of time between February 28, 2011 and May 9, 2011 was excluded properly from the computation of the time

8

within which the Defendant's trial must commence. See 18 U.S.C. §§ 3161(h)(6) and (h)(7)(A).

For these reasons, the Court concludes that all of the two hundred and nine days between the date of the Defendant's initial appearance and the May 9, 2011 trial date are excludable from the computation of the time within which his trial must commence. As such, there has been no violation of the Speedy Trial Act, and the Defendant's motion to dismiss must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss for Lack of Speedy Trial [Doc. 166] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 23, 2011

Martin Reidinger
United States District Judge