IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:10cr66-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RAYMOND DANGELO ALLEN. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Access to PSR Reports and Sealed Sentencing Memorandums. [Doc. 213].

The Defendant moves the Court for access to the final presentence report ("PSR") and sentencing memorandum for each of the various co-defendants and/or alleged co-conspirators whom the Government and/or the Defendant intend to call to testify at the trial of this matter.[1] For

---

[1] The Defendant states in his motion that the Government has informed defense counsel that it intends to call in its case-in-chief, the following individuals, all of whom are alleged co-defendants and/or alleged co-conspirators of the Defendant: Carlos Keno Twitty, Jonathan Keith Daniels, Nicholas Raymond Wilkerson, Markeenus Cleavon Wilkerson, Joshua Aurrick Toms, Willie Jermille Chappell, Kingsley Eke Agbaeze, and Chrisshawn Delee Folston. Additionally, defense counsel states that he intends to call Barrett Jameston Carson, an alleged co-conspirator, in the defense case-in-chief. In his prayer for relief, however, the Defendant does not specifically request the PSR or sentencing memorandum for Carlos Keno Twitty or Jonathan Keith Daniels. Additionally, the Defendant does request access to the PSR and sentencing memorandum for Brandon Michael Walker, although Walker is not identified in the Defendant's motion as a potential witness for either the Government or the defense.

grounds, the Defendant argues that he "is entitled to know what other sweetheart deals his alleged co-defendant and alleged co-conspirators have received, as such information is directly related to their bias, motivation, and credibility." [Doc. 213 at 3]. In support of his motion, the Defendant cites the unsealed sentencing memorandum of Brandon Michael Walker, one of the Defendant's co-defendants. This sentencing memorandum indicates that the Government has recommended a substantial lower sentence range than what is recommended in Walker's PSR.

The confidentiality of PSRs is "jealously guarded by the federal courts. United States v. Trevino, 89 F.3d 187, 192 (4th Cir. 1996). Accordingly, a defendant is not entitled to access a co-defendant's PSR absent a showing that the information contained therein is both material and favorable to his defense. Id. Once such a showing has been made, only then must the Court review the information *in camera* in order "to ascertain its true nature and determine whether it must be disclosed." Id. at 190. The Court is under no obligation to conduct an *in camera* review "unless the accused has first clearly specified the information contained in the report that he expects will reveal exculpatory or impeachment evidence." Id. at 192.

In the present case, the Defendant has failed to identify any specific information in the subject PSRs and sentencing memoranda which would be either material or favorable to his defense. While the Defendant relies on Walker's unsealed sentencing memorandum to suggest that his co-defendants and co-conspirators are receiving "sweetheart deals" in exchange for testifying against him, a review of this sentencing memorandum belies this argument. The Government states in this memorandum that the final PSR calculates the total drug amount attributable to Walker as 361.1 grams of cocaine base, which calculates to an offense level of 32, but that the parties stipulated to a lesser amount -- between 1.4 grams and 2.8 grams of cocaine base -- in the plea agreement, which would result in an offense level of 14. The Government explains that this lesser amount was calculated based solely on the amounts of cocaine base sold by Walker to confidential informants and without consideration of any controlled buys in which Walker was not involved or the "untested statements of co-conspirators." [Doc. 203 at 1-2]. There is no indication in this sentencing memorandum that the calculation of the attributable drug amount was the result of any agreement or

understanding that Walker would testify favorably for the Government and against the Defendant in this case.²

The Defendant, of course, is free to cross-examine any of his co-defendants or co-conspirators regarding any agreements or understanding of leniency, should they testify at trial. See Campbell v. Reed, 594 F.2d 4, 7 (4th Cir. 1979) (noting that evidence of agreements for leniency in exchange for testimony are relevant to witness's credibility). The Defendant, however, has failed to show that these individuals' PSRs or sentencing memoranda contain any specific information regarding any such agreements or understanding, and the Court in its discretion declines to conduct an *in camera* review of these documents. See United States v. Stout, 71 F. App'x 979, 983 (4th Cir. 2003) (declining to conduct *in camera* review where defendant failed to show how disclosure of PSR would have assisted his case).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Access to PSR Reports and Sealed Sentencing Memorandums [Doc. 213] is **DENIED**.

---

²Indeed, as previously noted, the Defendant does not even identify Walker as a potential trial witness either for the Government or the defense in this case.

**IT IS SO ORDERED.**

Signed: June 16, 2011

Martin Reidinger
United States District Judge